**SO ORDERED.**

**SIGNED this 28 day of June, 2007.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                                       CASE NO.

DAYNA EILEEN HAENKE                                                       06-02074-5-ATS

       DEBTOR

## ORDER DENYING MOTION TO DISMISS

The matter before the court is the bankruptcy administrator's motion pursuant to 11 U.S.C. § 707(b) to dismiss this case for abuse. A hearing took place in Raleigh, North Carolina on June 6, 2007.

Dayna Eileen Haenke filed a petition for relief under chapter 7 of the Bankruptcy Code on December 16, 2006. Ms. Haenke relocated to North Carolina from Michigan in April 2006. She works for a software company as a trainer, and her job requires a certain amount of traveling. Ms. Haenke has a 15-year-old son, and from April 2006 through June 1, 2007, Ms. Haenke and her son lived with friends in Fuquay-Varina, North Carolina. Ms. Haenke's schedules reflect that she owns real property in Michigan, and her Statement of Intention shows that she plans to surrender the real property. The secured creditor has obtained relief from the automatic stay to foreclose on the Michigan property.

The first question before the court is whether Ms. Haenke may properly deduct the payments on secured debt for the Michigan property that is to be surrendered. Section 707(b)(2)(iii) provides:

> The debtor's average monthly payments on account of secured debts shall be calculated as the sum of –
> (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and
> (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts;
> divided by 60.

11 U.S.C. § 707(b)(2)(iii). Courts are split on whether debtors may deduct secured debt payments on property that is to be surrendered. The focus in determining the meaning of the statute is on the phrase "scheduled as contractually due." See In re Ray, 362 B.R. 680, 683-84 (Bankr. D.S.C. 2007) (discussing three interpretations of statute). Ray and the cases that follow it interpret "scheduled" to refer to the bankruptcy schedules, including the statement of intention, and consider the phrase to contemplate a forward-looking calculation. In contrast, In re Walker, 2006 WL 1314125 (Bankr. N.D. Ga. 2006) (unpublished opinion), and its progeny look to whether the debtor is required to make payments in the future as determined by the contract on the date of the petition, without regard to what might happen after the petition is filed. See In re Nockerts, 357 B.R. 497 (Bankr. E.D. Wis. 2006). In a slight twist on the Walker interpretation, In re Singletary, 354 B.R. 455 (Bankr. D. Tex. 2006), held that the relevant date on which the calculations should be based is the date on which the motion is filed, so that postpetition events must be taken into account.

This court is persuaded by the reasoning in the Walker line of cases, and finds that the means test is intended to show a "snapshot" of the debtor's financial situation on the date of filing, and that payments

for collateral that is to be surrendered may be included in the deductions for secured debts that are scheduled as contractually due, even where the creditor has obtained relief from the automatic stay. Accordingly, there is no presumption of abuse in this case.

The bankruptcy administrator next contends that the case should be dismissed for abuse pursuant to § 707(b)(3). According to the bankruptcy administrator, Ms. Haenke's pay stubs show that her gross income minus her actual expenses is sufficient to pay back most, if not all, of her debts over 60 months. Ms. Haenke contends that once she has passed the means test, ability to pay cannot be considered in the § 707(b) analysis.

Though this court has previously stated that it "will not say as a bright-line rule that ability to pay can no longer be considered under § 707(b)(3)," In re Gilligan, Case No. 06-00885-5-ATS (Bankr. E.D.N.C. Jan. 24, 2007), in this case the totality of the circumstances does not show that this case should be dismissed for abuse. Ms. Haenke testified credibly that while she was able to make commissions from out-of-town training sessions prior to filing her petition (which are reflected on her pay stubs), she will be making less money in the future. Ms. Haenke was able to travel for work when she and her son were living with friends, because she had someone available to care for her son. Now that she and her son are renting their own home, childcare is less readily available and her travel options will be more limited. The extra commissions were based on work that requires travel, and those commissions will be reduced.

The court finds that Ms. Haenke is proceeding in good faith, and that the totality of the circumstances does not demonstrate abuse. It is clear that Schedules I shows more income than Ms. Haenke is likely to earn in the future, and Schedule J probably reflects lower than actual expenses. In this case, dismissal under § 707(b)(3) is not appropriate.

Based on the foregoing, the bankruptcy administrator's motion to dismiss is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**